LORA LEE DRESS CO., INC., complainant,

v.

INTERNATIONAL LADIES' GARMENT WORKERS' UNION, LOCAL No. 85, &c., et al., defendants.

[Decided July 5th, 1940.]

*Messrs. Quinn & Doremus,* for the complainants.

*Messrs. Isserman, Isserman & Kapelsohn,* for the defendants.

BERRY, V. C.

Complainant seeks an injunction against picketing of its plant in Long Branch, New Jersey. The stipulation of facts submitted in lieu of final hearing discloses the following situation:

Complainant is a New Jersey corporation controlled by one William Schwartz, who also controls Gladdy-Colleen, Inc., a corporation of the State of New York. Prior to November 30th, 1938, Gladdy-Colleen, Inc., was a member of the

National Dress Manufacturers' Association and as such was a party to the terms of a collective bargaining agreement between the association and the International Ladies' Garment Workers' Union and the Joint Board of Dress and Waist Makers' Union of Greater New York. An object of this agreement was the complete unionization of the dressmaking industry in New York. The contract provided that all members of the association producing all or part of their garments on their own premises would maintain union shops,. a union shop being one which employed no one but members of the union in good standing. For the purposes of this case the term "union shop" may be considered as synonymous with "closed shop." The agreement was to have expired on January 31st, 1939, but was extended by a separate agreement dated December 3d, 1938. Prior to such extension and on November 30th, 1938, Gladdy-Colleen, Inc., resigned from the association. On January 31st, 1939, the union called a strike against Gladdy-Colleen, Inc., and the usual strike activities, including picketing, began. Subsequently, picketing, by persons not employes of either corporation, was extended to the plant of complainant at Long Branch, where part of the work formerly performed by the union employes of Gladdy-Colleen, Inc., was being performed by non-union labor. No employe of the complainant has at any time gone on strike.

The object of the picketing of complainant's place of business is to assist the union to attain the ends of the strike in New York, namely, the compelling of Gladdy-Colleen, Inc., to again become a party to, or bound by, an agreement for a closed shop.

The defendants maintain that since both corporations are controlled by the same individual they should be treated as one entity, leading to the conclusions that the strike in New York is also a strike in New Jersey; that the same dispute which exists in New York exists in this state, and between the same parties; and that the picketing sought to be restrained is an adjunct to that strike.

This court is not concerned with the legality or illegality in New York of the activities there being conducted. Suffice

it to say that those activities, having for their object the attainment of a monopoly of the labor market in the dressmaking industry of an area such as New York City, where it is known a great proportion of the dressmaking industry of the country is concentrated, if carried on in New Jersey, would be declared illegal. A strike being for an illegal purpose, all activities in furtherance thereof are illegal. *Baldwin Lumber Co.* v. *Local No. 560, International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, 91 N. J. Eq. 240; Lehigh Structural Steel Co.* v. *Atlantic Smelting and Refining Works, 92 N. J. Eq. 131; Elkind & Sons, Inc.,* v. *Retail Clerks International Protective Association, 114 N. J. Eq. 586; Bayonne Textile Corp.* v. *American Federation of Silk Workers, 116 N. J. Eq. 146, 161; International Ticket Co.* v. *Wendrich, 122 N. J. Eq. 222; affirmed, 123 N. J. Eq. 172; Canter Sample Furniture House, Inc.,* v. *Retail Furniture Employes Local, 122 N. J. Eq. 575.*

Accordingly, even if the two corporations were treated as one, the propriety of which complainant challenges, and with some reason, in view of the obvious differences between conditions of employment in New York City and Long Branch, the picketing of the Long Branch plant would be unlawful. If they are separate entities, and it is not necessary to determine that question, then the picketing is likewise unlawful, for there is no dispute between complainant and its employes and the pickets are intermeddlers. *Feller* v. *Local 144, &c., 121 N. J. Eq. 452.*

Defendants accuse complainant of coming into court with unclean hands, in that it, or its *alter ego,* brought on the dispute by violating the collective bargaining agreement in New York. Conceding, for the sake of argument, that "complainant" violated that agreement, it was such an agreement as repeatedly has been condemned by the courts of this state. *Canter Sample Furniture House, Inc.,* v. *Retail Furniture Employes Local No. 109, supra,* and cases therein cited. It follows that a party cannot be condemned for failure to perform a contract unlawful in its inception and illegal in its purpose.

I will advise a decree in accordance herewith.